UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KURTIS JOHNSON,

    Applicant,

v.                                                                  CASE NO. 8:23-cv-224-SDM-CPT

ORLANDO REGIONAL RE-ENTRY
    MANAGER,

    Respondent.
_____/

**<u>ORDER</u>**

Johnson applies under 28 U.S.C. § 2241 for the writ of habeas corpus (Doc. 1) and moves for his immediate release "because he completed his federal term of imprisonment and is now being held in the Pinellas County Jail, without any charges or being given any reason why he is in jail. His release date came and went, and he has yet to find out why he is being held in the maximum-security wing of the jail, and nobody will tell him why he is there." (Doc. 2 at 1) However, on the next page Johnson admits that "he was taken to the county jail" by the United States' Marshals because "he had an unauthorized cell phone" while he was in a Residential Re-Entry Center under the authority of the United States Bureau of Prisons ("BOP").[1]

---

[1] As discussed further beginning on page 3, Johnson was near completion of a sentence for distribution of child pornography.

Johnson represents that, through his family's inquiries, he learned that the BOP had revoked good conduct time as a sanction for possessing an unauthorized phone, which revocation extended his release date by forty-one days. Johnson alleges that the BOP violated his due process rights by wrongfully rescinding the good conduct credits without notice and without a hearing. The respondent disagrees (Doc. 5) and supplies exhibits that refute Johnson's allegations of lack of due process.

A prisoner may lose credits that reduce the duration of imprisonment but only if afforded a prisoner's limited due process rights. As *Ponte v. Real*, 471 U.S. 491, 495 (1985) (internal quote omitted), explains, "[t]he touchstone of Due Process is freedom from arbitrary governmental action, but prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Additionally, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), establishes five requirements as the process an inmate is due in disciplinary proceedings. First, the inmate must receive an adequate, written notice of the charges. Second, he must receive this written notice at least twenty-four hours before the disciplinary hearing. Third, he must have an opportunity (as limited by safety needs or correctional goals) to call witnesses and present documentary evidence in his defense. Fourth, the fact-finder must issue a written report of both the evidence and the reasons for taking disciplinary action. This written report must show that the disciplinary committee's findings were based on "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). Fifth, where circumstances warrant,

an inmate should receive the help of an inmate or staff member. *Wolff v. McDonnell*, 418 U.S. at 570.

A federal court's review of a prison disciplinary proceeding is limited "to determin[ing] whether an inmate receives the procedural protections provided by *Wolff* and whether 'some evidence' exists which supports the hearing officer's determination." *Young v. Jones*, 37 F.3d 1457, 1460 (11th Cir. 1994). Neither "a disciplinary board's factual findings [n]or [its] decisions with respect to appropriate punishment are subject to second guessing upon review." *Hill*, 472 U.S. at 455. Consequently, this district court's review is limited to determining whether Johnson received the limited process he was due — not whether the revocation of earned good conduct credits was an appropriate sanction.

**Exhaustion:**

As a prerequisite to federal review Johnson must first exhaust his administrative remedies. An inmate may challenge the BOP's computation of sentence through an application for a writ of habeas corpus under 28 U.S.C. § 2241. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 469–70 (11th Cir. 2015) (exercising jurisdiction over federal prisoner's section 2241 habeas petition challenging the deprivation of good-time credits following a prison disciplinary proceeding). However, the inmate first must exhaust all available administrative remedies. Although exhaustion of administrative remedies is not a jurisdictional requirement in an action under Section 2241, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the

defense."[2] *Id.* at 475. "The exhaustion requirement is still a requirement; it's just not a jurisdictional one." *Id.*; *see also Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020) ("If an inmate fails to exhaust her administrative remedies and the respondent raises the issue in the district court, the district court may not grant relief on the inmate's petition.").

*Woodford v. Ngo*, 548 U.S. 81, 90 (2006), explains that "[b]ecause exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims." The exhaustion requirement both allows the BOP "an opportunity to correct its own mistakes . . . before it is haled into federal court" and discourages "disregard of the agency's procedures." *Id.* at 89 (punctuation omitted). Exhaustion also promotes efficiency, because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.*

Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford*, 548 U.S. at 93. The exhaustion requirement "let[s] the agency develop the necessary factual background

---

[2] Respondent asserts the exhaustion defense.

- 4 -

upon which decisions should be based; . . . permit[s] the agency to exercise its discretion or apply its expertise; [and] . . . conserve[s] scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene[.]" *Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998).

Johnson asserts entitlement to an exception to the exhaustion requirement because, he contends, he has no access to the necessary forms to exhaust the BOP's administrative remedies. The respondent's exhibits refute Johnson's asserted inability to exhaust his administrative remedies.

According to the exhibits — evidence that Johnson has not opposed because he filed no reply — attached to the response (Doc. 5), Johnson was confined at the Orlando Regional Re-Entry Center ("Center") having nearly completed his ninety-six-month sentence for distribution of child pornography. The Center's rules allowed Johnson to possess a single cell phone but not one with access to the internet. On December 21, 2022, Johnson was discovered in possession of a second cell phone — a phone with internet access and not registered with the Hillsborough County Sex Offender Unit as his authorized work phone. Johnson was charged with violating the Center's rules (Respondent's Exhibit 3), and as stated in the incident report Johnson had downloaded onto the phone "203 videos of pornography along with photos of what appeared to be an underage female participating in a sexual act." (Respondent's Exhibit 4 at 1) Johnson was provided with a written notice of the charges, notice of the hearing, and a copy of the incident report. At his

disciplinary hearing Johnson waived his right to staff representation and admitted to both possessing the unauthorized phone and knowing that it contained pornographic material, but he contended that the images were not illegal because he had downloaded the images from "legit" and "reputable" "websites." (Respondent's Exhibits 3 and 4)  According to the disciplinary committee's report, the "[p]hone was recovered by the Tampa PD and turned over to the FBI where they discovered additional pornographic material including minors possibly resulting in criminal charges."[3] (Respondent's Exhibit 5-3 at 1, ¶ III(D))  Based on the disciplinary committee's findings and recommendation, Johnson was recommended for termination and removal from the program at the Center.  (Respondent's Exhibit 5-4)  The disciplinary hearing officer adopted the two recommendations and also ordered the loss of forty-one days of good conduct time.  (Respondent's Exhibit 5-6)  Johnson was advised of his right to appeal, which he could accomplish either by using the forms under the Administrative Remedy Procedure or by sending a letter to the Regional Director, whose address was provided to him.  (Respondent's Exhibits 5-3 at 2 and 5-7)  As a consequence, Johnson's purported lack of access to the BOP forms did not preclude him from exhausting his appellate rights under the

---

[3] Currently Johnson is detained awaiting trial in 8:23-cr-138-MSS-MRM on a charge of possessing child pornography based on images on the unauthorized cell phone that is the subject of this civil action.

Administrative Remedy Procedure because he could effect an appeal by sending a letter to the director.[4]

The application (Doc. 1) under 28 U.S.C. § 2241 for the writ of habeas corpus is **DISMISSED** for lack of exhaustion. Johnson's emergency petition for immediate release (Doc. 2) is **DENIED AS MOOT**. The clerk must enter a judgment against Johnson and close this case.

ORDERED in Tampa, Florida, on May 26, 2023.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] Moreover, Johnson's underlying due process claim lacks merit because the respondent's exhibits show that he was afforded all the rights a prisoner is due under *Wolff* and *Hill*.